UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SCOTT ALLEN DIETER,<br><br>　　　　　　　　　　Petitioner,<br>　　v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No. 3:21-cv-00241-MMD-WGC<br><br>ORDER |

*Pro se* Petitioner Scott Allen Dieter commenced this habeas action by filing a Petition for Writ of Habeas Corpus ("Petition"). (ECF No. 1-1.) This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Dieter's Motion for Appointment of Counsel ("Motion") (ECF No. 1-2). For the reasons discussed below, the Court directs service of the Petition, instructs Respondents to respond, and denies Dieter's Motion.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Dieter challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County ("state court"). *State of Nevada v. Scott Allen Dieter*,

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

Case No. CR16-1163.[2] Dieter pled guilty to one count of possession of a firearm by a prohibited person. On February 8, 2017, the state district court entered a judgment of conviction and Dieter was sentenced as a habitual criminal for a term of 96 to 240 months. Dieter appealed and the Nevada Court of Appeals affirmed the judgment of conviction.

Dieter filed a state habeas petition and the state district court dismissed the state habeas petition. Dieter appealed and the Nevada Court of Appeals affirmed the dismissal. On May 26, 2021, Dieter dispatched the instant federal habeas petition for filing. (ECF No. 1.) The Court instructed him to resolve the filing fee and he timely complied. (ECF Nos. 4, 5.)

Having conducted an initial review, the Court will direct service of the Petition and a response. Dieter, however, has not named a proper respondent. Dieter has named the State of Nevada as the Respondent. That is incorrect. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that, when a petitioner is "in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Failure to name the proper respondent strips the district court of personal jurisdiction. *See Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996).

Dieter is advised that he should correct the caption and name his current custodian as the proper respondent. The proper respondent in a habeas action is the warden of the institution where the petitioner is incarcerated. Dieter's failure to follow this direction may result in dismissal of this action.

Turning to Dieter's Motion, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B).

---

[2] The Court takes judicial notice of the online docket records of the Second / Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.washoecourts.com/Query/DetailedCaseSearch and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

The decision to appoint counsel is generally discretionary. *See id.* at § 3006A(a)(2) (authorizing appointed counsel "when the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

When a petitioner has a good understanding of the issues and the ability to present his contentions forcefully and coherently, no attorney is legally required. *See LaMere*, 827 F.2d at 626. The Petition in this case appears sufficiently clear in presenting the issues that Dieter wishes to raise, and the legal issues are not particularly complex. He has demonstrated sufficient ability to write and articulate his claims, submitted numerous filings, and followed the Court's instructions to resolve the filing fee. The Court appreciates that it is difficult for *pro se* petitioners to pursue their habeas claims and almost every *pro se* party would benefit from representation by counsel. However, Dieter has made no showing as to why denial of counsel would amount to a denial of due process. As such, the motion is denied.

The Clerk of Court is therefore directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the notices of electronic filing to the Nevada Attorney General's office only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order.

The Clerk of Court is further directed to file Petitioner Scott Allen Dieter's Petition for Writ of Habeas Corpus (ECF No. 1-1).

It is further ordered that Dieter's motion for appointment of counsel (ECF No. 1-2) is denied.

It is further ordered that within 30 days of the date of this order, Dieter shall amend the caption naming his current custodian, which is the proper respondent. Failure to follow this direction may result in dismissal of this action.

It is further ordered that Respondents will have 60 days from the date that Dieter amends the caption to answer or otherwise respond to the Petition.

It is further ordered that Dieter will have 60 days following service of the answer to file and serve a reply brief. If any motion is filed, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

It is further ordered that any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Respondents must file the state court exhibits relevant to their response to the petition, in chronological order.

It is further ordered that all state court records and related exhibits must be filed in accordance with LR IA 10-3, LR IC 2-2, and LSR 3-3, and include a separate index identifying each additional exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit will then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF

No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

It is further ordered that, notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits—for this case—*need not* be provided to chambers or to the staff attorney, unless later directed by the court.

DATED THIS 17th Day of August 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE