UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| SCOTT ALLEN DIETER,<br><br>　　　　　　　　　Petitioner,<br>　v.<br>PERRY RUSSELL, *et al.*,<br>　　　　　　　　　Respondents. | Case No. 3:21-cv-00241-MMD-CSD<br><br>ORDER |

Petitioner Scott Allen Dieter ("Petitioner") commenced this action by filing a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 7.) Currently before the Court are Respondents' motion to dismiss the petition, or alternatively to dismiss ground 3, and Petitioner's motion to reconsider appointment of counsel. (ECF Nos. 14, 22.) For the reasons discussed below, Respondents' motion to dismiss (ECF No. 14) is granted in part and denied in part and Petitioner's motion for reconsideration of appointment of counsel (ECF No. 22) is denied.

**I.     PROCEDURAL HISTORY AND BACKGROUND**

On August 16, 2016, Petitioner pleaded guilty at arraignment to one count of possession of a firearm by a prohibited person and one count alleging he is a small habitual criminal. (ECF Nos. 15-1 at 2, 7, 15-20 at 4-13.) On February 7, 2017, the state district court entered judgment imposing a sentence of 96 to 240 months imprisonment. (ECF No. 16-10.)

Petitioner directly appealed, the Nevada Court of Appeals affirmed the judgment, and the Nevada Supreme Court denied review. (ECF Nos. 17-2, 17-6.) Petitioner filed a state-court petition for habeas corpus relief in the state district court and the Nevada Court of Appeals affirmed the dismissal of that petition. (ECF Nos. 17-26, 18-17.)

On May 26, 2021, Petitioner filed the instant federal petition. (ECF No. 7.)

Respondents move to dismiss the petition for lack of personal jurisdiction, or alternatively dismiss ground 3 as unexhausted. (ECF No. 14.) Petitioner filed a response to the motion to dismiss the petition. (ECF No. 24.) Petitioner separately filed a request for reconsideration of appointment of counsel. (ECF No. 22.) Respondents filed neither a reply in support of the motion to dismiss the petition nor a response to the motion for reconsideration of appointment of counsel.

## II.    LEGAL STANDARDS AND ANALYSIS

### A.    Personal Jurisdiction

Respondents contend the Court lacks personal jurisdiction to proceed because Petitioner failed to name and serve his custodian. (ECF No. 14 at 1-2, 6-7.)

While it is true that "'[f]ailure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction,' as does failure to serve the petitioner's custodian," the record in this case demonstrates the respondent is correctly designated and was served with the petition. *See Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir. 2003) (internal and other citations omitted).

Petitioner initially named the State of Nevada as the respondent in his petition. (ECF Nos. 1-1 at 1, 7 at 1.) This Court subsequently ordered Petitioner to "correct the caption and name his current custodian as the proper respondent," indicating "[t]he proper respondent in a habeas action is the warden of the institution where the petitioner is incarcerated." (ECF No. 6 at 2-3.) Petitioner complied with the Court's order by filing a replacement caption page for his petition naming his warden as Respondent. (ECF No. 8.) As for service, this Court ordered the Clerk of Court to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to serve Respondents with an electronic copy of all items previously filed in this case. (ECF No. 6 at 3.) The docket reflects that the Clerk did so.[1] (*See* ECF No. 7.)

---

[1] The parties correctly utilized the amended caption naming the warden in some, but not all, of the pleadings in this matter. (*See, e.g.*, ECF Nos. 11, 12, 22.) The Court will direct the parties to henceforth use the amended caption. (*See* ECF No. 8.)

For the foregoing reasons, the Court concludes the petition alleges the proper respondent and the respondent was served with the petition. Accordingly, Respondents' motion to dismiss the petition for lack of personal jurisdiction is denied.

**B.     Ground 3**

Respondents move to dismiss ground 3 as unexhausted. (ECF No. 14 at 1-2, 6-9.) In response, Petitioner did not contend ground 3 is exhausted or unexhausted, but instead moved to withdraw ground 3 because he maintained it was included in error as he did not intend to raise it. (ECF No. 24 at 2-3.)

A state prisoner first must exhaust state court remedies for a habeas claim before presenting that claim to the federal courts. *See* 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement ensures state courts, as a matter of comity, have the first opportunity to address and correct violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

"A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)). "A petitioner fully and fairly presents a claim to the state courts if he presents the claim (1) to the correct forum; (2) through the proper vehicle; and (3) by providing the factual and legal basis for the claim." *Scott v. Schriro*, 567 F.3d 573, 582, (9th Cir. 2009) (internal citations omitted). Moreover, a claim must have been raised through "one complete round" of either direct appeal or collateral proceedings to the highest state court level of review available. *See O'Sullivan*, 526 U.S. at 845; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*). A state appellate court decision on the merits constitutes exhaustion of the claim. *See, e.g.*, *Comstock v. Humphries*, 786 F.3d 701, 707 (9th Cir. 2015).

In ground 3, Petitioner claims his guilty plea was involuntary in violation of the Fourth, Fifth, and Sixth Amendment rights to freedom from unlawful seizure and self-incrimination, and due process of law. (ECF No. 7 at 39-40.) Petitioner challenged the voluntariness of his plea on those grounds in his state court direct appeal, however, the

Nevada Court of Appeal declined to consider the claims because (1) he failed to "challenge the validity of his plea below," (2) it was improper to raise the claims in the first instance on direct appeal, and (3) "a post-conviction petition for a writ of habeas corpus provides the exclusive remedy for a challenge to the validity of the guilty plea made after sentencing." (ECF Nos. 16-23 at 3, 17-2 at 2.) The Nevada Supreme Court summarily denied review. (ECF Nos. 17-5 at 2-3, 17-6 at 2.) Despite the state appellate court's ruling, neither Petitioner nor his postconviction counsel raised claims concerning the voluntariness of his guilty plea in the state district court as part of his postconviction petition for state habeas corpus relief. (ECF Nos. 17-8 at 9-14, 17-12 at 3-5, 17-21 at 6-8.) Thus, it appears Petitioner did not fairly present his claims in ground 3 to the correct forum using the proper vehicle and ground 3 is unexhausted.

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Here, Petitioner has already moved to withdraw ground 3. (ECF No. 24 at 2-3.) Ground 3 is therefore dismissed without prejudice and by Petitioner's request. Petitioner will pursue his remaining, exhausted claims.

**III.    CONCLUSION**

It is therefore ordered that Respondents' motion to dismiss the petition (ECF No. 14) is denied as to the personal jurisdiction ground and is granted as to ground 3 being unexhausted.

It is further ordered that Petitioner's motion for reconsideration of appointment of counsel (ECF No. 22) is denied for the reasons stated in the Court's prior order denying the motion for appointment of counsel (ECF No. 6).

It is further ordered that Respondents have 30 days from the date of entry of this order in which to file an answer to Petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments as to all surviving grounds of the

petition and must comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that Petitioner has 30 days following service of Respondents' answer in which to file a reply.

It is further ordered that if Petitioner fails to respond to this order within the time permitted, this case may be dismissed.

It is further ordered that the parties must henceforth use the amended caption set forth in this order for this matter. (*See* ECF No. 8.)

DATED THIS 12th Day of July 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE